# In the United States Court of Federal Claims

No. 20-895 C

(Filed: June 5, 2024)

```
* * * * * * * * * * * * * * * * *  *
                                   *
GEORGE BALDWIN HUTCHINSON,         *
JR.                                *
                                   *
              Plaintiff,           *
                                   *
     v.                            *
                                   *
THE UNITED STATES,                 *
                                   *
              Defendant.           *
                                   *
* * * * * * * * * * * * * * * * *  *
```

## ORDER DENYING MOTION FOR RECONSIDERATION

After more than three years of litigation, the involvement of two judges, several reviews by the Army Board for the Correction of Military Records ("ABCMR" or the "Board"), a telephonic argument that lasted nearly three hours, and separate rounds of briefing on motions for judgment on the administrative record, this Court granted the government's motion for judgment on the administrative record regarding *pro se* Plaintiff George Hutchinson's claims. After initially appealing that decision, Plaintiff moved for reconsideration in this Court. As the Court finds Plaintiff has failed to make any new arguments, it denies his motion for reconsideration.

## BACKGROUND

According to the administrative record, Plaintiff joined the Army in 1994 as a Signal Support Systems Specialist. AR 416, 586. After applying in October 2003, Plaintiff became a Second Lieutenant in the reserve component of the Signal Corps in March 2004 and completed the Signal Officer Basic Course in October 2004. AR 40, 471, 474, 483–98, 501. The Army deployed Plaintiff several times from 2004 through 2013. AR at 204–05, 326, 441, 446. Plaintiff retired with the rank of Captain on July 15, 2015. AR 41, 293.

This case originated as a dispute about Plaintiff's retirement rank. As explained in detail in this Court's decision dismissing his case, Plaintiff petitioned to have his military records corrected to establish his retirement rank as either Major or Brigadier General. *Hutchinson v. United States*, 168 Fed. Cl. 504, 508–11 (2023); *see also* AR 33–34, 43, 220; Oral Argument at 1:03:20–1:24:00. The Army denied Plaintiff's petition for a greater rank and the retirement benefits associated with it. AR 206. Plaintiff pursued further review of this decision at the

Army Human Resources Command and the ABCMR but was unsuccessful at each appeal. *Id.*; ECF No. 1 at 2.

Plaintiff filed the present action in this Court on July 22, 2020. *See* ECF No. 1 at 3. A remand to the ABCMR corrected his military records to the payment rank of Major effective September 25, 2015, with all the associated retroactive retirement pay. ECF No. 40-1 at 12. Plaintiff was unsatisfied, however, and sought another remand to the ABCMR to determine whether he was entitled to the retirement rank of Lieutenant Colonel, whether he deserved a greater percentage of back pay at the rank of Major for several years prior to the time the ABCMR corrected his record to that rank, and whether he was entitled to several other forms of payment under various statutes. *See* ECF No. 45 at 1–2. The ABCMR denied each of these contentions upon a remand. ECF No. 61-1 at 7.

Still unsatisfied, Plaintiff filed an Amended Complaint that crystallized these claims. ECF No. 70. Plaintiff and the government each filed cross-motions for judgment on the administrative record, ECF Nos. 72, 77, and the Court held oral argument, ECF No. 98. The nearly three-hour telephonic hearing clarified Plaintiff's contentions. First, Plaintiff claimed that the Army improperly used a 50% disability rating from the Veterans Administration ("VA") instead of the 70% rating from the Army in determining his Combat Related Special Compensation (CRSC) payment. Oral Argument at 20:00–25:00. Second, Plaintiff contended that he received disability retirement pay at the rank of Captain when he should have received disability retirement pay at the grade and rank of Major since July 2015. *Id.* at 25:00–33:00. Third, Plaintiff contended that he was eligible for concurrent receipt of both his retired pay from the Army and disability pay from the VA. *Id.* at 33:00–46:00. Fourth, Plaintiff suggested that he temporarily served as a Lieutenant Colonel, and that, pursuant to 10 U.S.C. § 1372(2), his retirement grade should be Lieutenant Colonel. *Id.* at 47:00–1:02:00. Finally, Plaintiff took the previous argument further and suggested that, pursuant to 10 U.S.C. § 1372(4), his retirement grade should be Brigadier General with associated backpay. *Id.* at 1:03:20–1:24:00.

After reviewing all these motions, claims, arguments, and accountings, the Court found for the government on each of the Plaintiff's five counts on November 30, 2023. *Hutchinson*, 168 Fed. Cl. at 520. The next day, December 1, 2023, Plaintiff appealed this decision. ECF No. 110. On December 27, 2023, however, Plaintiff moved for reconsideration under Rules 52, 59, and 60 of the Rules of the United States Court of Federal Claims ("RCFC"). ECF No. 111. Recognizing the outstanding motion, the United States Court of Appeals for the Federal Circuit terminated Plaintiff's appeal until this Court ruled on the motion for reconsideration. ECF No. 112. Plaintiff subsequently filed notice of his motion for reconsideration with accompanying exhibits. ECF No. 114.

## DISCUSSION

### A.   Legal Standard

Because prevailing on a motion for reconsideration requires the moving party to make a "showing of extraordinary circumstances," this Court does not often grant such motions. *Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999). Even if the moving party

2

makes such a showing, however, "[t]he decision whether to grant reconsideration lies largely within the discretion" of the Court. *Yuba Nat. Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990). The Court must exercise its discretion based upon the principle that "[r]econsideration of a judgment is not intended to permit a party to retry the allegations included in plaintiff's complaint when it previously was afforded a full and fair opportunity to do so." *Hymas v. United States*, 141 Fed. Cl. 735, 738 (2019) (citing cases). For this reason, the Court "will not grant a motion for reconsideration if the movant 'merely reasserts . . . arguments previously made[,] . . . all of which were carefully considered by the court.'" *Ammex, Inc. v. United States*, 52 Fed. Cl. 555, 557 (2002) (emphasis omitted) (quoting *Principal Mut. Life Ins. Co. v. United States*, 29 Fed. Cl. 157, 164 (1993), *aff'd*, 50 F.3d 1021 (Fed. Cir. 1995)).

RCFC 52, 59 and 60 describe the circumstances under which the Court may permit reconsideration of a judgment after a case is closed. RCFC 59 states that the Court may do so "for any reason for which a new trial has heretofore been granted in an action at law in federal court[,] for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court[,] [or] upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States," RCFC 59(a)(1)(A–C), while RCFC 52 permits the Court to "amend its findings—or make additional findings—and may amend the judgment accordingly" upon a motion from a party, RCFC 52(b). Similarly, the Court may relieve a party from a final judgment under RCFC 60(b) because of

> mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b); fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; [if] the judgment is void; the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or any other reason that justifies relief.

RCFC 60(b)(1–6).

These rules reflect the broad discretion afforded the trial judge in choosing to grant a motion for reconsideration. Summarizing these provisions and the case law interpreting them, the Federal Circuit has observed that the "three primary grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Delaware Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (Fed. Cir. 2010) (internal quotations omitted); *see also Parsons ex rel. Linmar Prop. Mgmt. Tr. v. United States*, 174 F. App'x 561, 563 (Fed. Cir. 2006) (listing the same grounds for reconsideration under RCFC 59); *Pac. Gas & Elec. Co. v. United States*, 74 Fed. Cl. 779, 781 (2006) (stating that Rule 52 gives a trial court "discretion when deciding whether to grant a motion for reconsideration."). While these examples do not exhaust the situations in which the Court may reconsider a judgment, movant parties must cite extraordinary reasons that justify such a departure from past practice.

B.     Analysis

Plaintiff's motion for reconsideration states that he does so "[p]ursuant to [RCFC] 59(b,1) and 52(a,1)(5)6(b,c) 60(a,b,1)." ECF No. 111 at 1. Recognizing the latitude with formalities that this Court affords *pro se* plaintiffs, the Court considers his motion under all the applicable rules rather than only those mentioned by Plaintiff.

After careful review of Plaintiff's motion, the Court finds no argument or evidence that warrants reconsideration of his case. Plaintiff spends much of his motion rearguing the same points that the Court considered in its November 2023 opinion. He restates, for example, his argument that he should be given the retired rank of Brigadier General. *Compare* ECF No. 111 at 12 (requesting a "a separate ruling here as well for Projection the Government must provide a projection for Disabled Servicemember" with respect to possible promotion to Brigadier General) *with Hutchinson*, 168 Fed. Cl. at 518–19 (addressing this exact argument). Indeed, Plaintiff states that his purpose in moving for reconsideration is to "detail the errors and misrepresentations, over looked [*sic*] rule of law and case law below for correction and reconsideration to be independently ruled upon as required by [FCRC] 52 with no jury by this court for the Appeals at the Federal Circuit to review all that is not corrected nor process in this action for Clarification and modifications." ECF No. 111 at 2. His complaint, therefore, is that the Court did "not issu[e] any credit towards [his] prevailing arguments" rather than that he has, for example, any new evidence or that a change in the law has occurred. *Id.* Disagreement with the result the Court reached may be a subject worthy of appeal, but it is not a basis for reconsideration.

The closest Plaintiff comes to an argument within the scope of the standard for reconsideration is that the Court miscalculated his term of service relevant to his ability to get Concurrent Retirement and Disability Pay (CRDP). As explained in the Court's November 2023 opinion, a service member is eligible for CRDP only if he or she has more than twenty years of service at the time of retirement. *Hutchinson*, 168 Fed. Cl. at 519. According to the Army, Plaintiff retired with only 19 years, 3 months, and 13 days of service. *Id.* Plaintiff contended that the Army should have credited him with an additional 204 days of service for Post Deployment Mobilization Respite Absence (PDMRA). *Id.* As the Court pointed out in the opinion, applying even this number puts him several days short of the required twenty years. *Id.* at 520. The Court could, therefore, detect no error in the ABCMR's failure to find Plaintiff eligible for CRDP.

Plaintiff makes the same argument in his motion for reconsideration, but he increases the amount of PDMRA he claims the Army owes him and thus the amount of service time he possesses. He now states that he earned 252 days of PDMRA rather than the 204 to which he once claimed he was entitled. ECF No. 111 at 3. He claims that the Court calculated his service time with the wrong number of PDMRA days because the Court "Used an Old Calculation from Document 44 prior to the [Plaintiff] gaining information from the Government." *Id.* He also states that "Unopposed Calculations by both parties . . . [were] 19y 4mos 22days[,] not previous calculations." *Id.* According to Plaintiff, these new calculations would give him the required 20 years of service to qualify for CRDP. *Id.* at 4.

4

The scope of this Court's review of the ABCMR's decisions compels it to reject this belated argument. As was explained in the November 2023 opinion, "[w]hen substantial evidence supports a board's action, and when that action is reasonable in light of all the evidence presented, the court will not disturb the result." *Pope v. United States*, 16 Cl. Ct. 637, 641 (1989) (citing *Holman v. United States*, 181 Ct. Cl. 1, 8 (1967)). After the second remand to the ABCMR, Plaintiff requested "Temporary Early Retirement Authority (TERA) for no offset waiver in pay from the Army or Veterans Affairs known as Concurrent receipt with Post-Deployment Mobilization Respite Absence (PDMRA) for 6 months totaling base pay at a rate of 19 years, 10 months, and 5 days and disability retirement at a rate of 18 years, 9 months, and 20 days, with Title 10, USC, section 1405 at a rate of 19 years, 4 months, and 11 days." ECF No. 61-1 at 1. Even assuming that Plaintiff is correct that the PDMRA days could be credited to his overall years of service, he did not argue that they should be so credited sufficient to meet the twenty-year statutory requirement until after the two remands to the ABCMR. *Compare* ECF No. 61-1 at 1 (stating Plaintiff's above quoted arguments) *with* ECF No. 72 at 22 (arguing in his motion for judgment on the administrative record that "there is [sic] 204 days not accounted for Which is an additional 204 days missing" rather than the 252 days he claims now). The Court cannot set aside the ABCMR's decision as irrational based on evidence that Plaintiff himself did not present during any of his appearances before the Board. Both parties' motions for judgment on the administrative record were based on the ABCMR's record, which did not include Plaintiff's belated argument that either the 204 or 252 PDMRA days should qualify toward his service time. The ABCMR did not err in calculating Plaintiff's service time based on the record and Plaintiff's arguments before it.

The Court additionally notes that Plaintiff represented that he possessed 204, rather than 252, PDMRA days in his motion for judgment on the administrative record and made no representations to the contrary during oral argument. ECF No. 72 at 22. Plaintiff's first representation that he had 252 PDMRA days seems to have appeared only in a near-incomprehensible filing made after oral argument titled "Status Update Notice of Objection and Informal Status Conference Request." ECF No. 102 at 3 ("Kuwait orders DX 293 0001 19 OCT 2012 to 18 Oct 2012 350 days 48 days mission 204 days plus 48 days equals 252 that needs to be added."). This extremely belated representation affects neither the Court's review of the Board's decision nor of Plaintiff's motion for judgment on the administrative record. The Court cannot be expected to dig through Plaintiff's often obscure filings searching for such minor changes in representations of service time, especially when they contradict all prior representations of Plaintiff's PDMRA time. Allowing Plaintiff to change—especially opaquely—the essential facts of his claim so late in litigation, after full briefing and oral argument, would exceed even the considerable latitude allotted to *pro se* plaintiffs.

However, even if the Court ignored these obvious flaws in Plaintiff's presentation of the number of PDMRA days to which he claims he is entitled, Plaintiff is still not eligible for CRDP. As the Department of Defense explained in memorandum on Leave and Liberty Policy and Procedures, "[Reserve Component] Service members must be serving pursuant to sections 12301(a), 12301(d), 12302, or 12304 of Reference (d) in order to utilize the administrative absence days accrued under the PDMRA Program." DEPARTMENT OF DEFENSE Instruction 1327.06 at 40. Because Plaintiff was a member of the reserve component of the Army, ECF No. 61-1 at 2, he could only use his PDMRA days if he served on active duty in the circumstances

5

the Department of Defense described: (1) on a call to active duty in a time of national emergency or war either as a regular service member (10 U.S.C. § 12301 (a) and (d)); (2) as a member of the Ready Reserve (10 U.S.C. § 12302); or (3) as a member of the Selected Reserve (10 U.S.C. § 12304). Plaintiff, though, was called to active duty under a statutory provision (10 U.S.C. § 12301(h)) that was not included in the memorandum and, therefore, could not utilize his alleged 252 days of PDMRA. ECF No. 61-1 at 2 ("On 23 July 2014 . . . [Plaintiff] was retained on active duty under the provisions of Title 10, USC, section 12301(H) to participate in the Reserve Component Medical Hold Transfer for completion of medical care and treatment.").

Moreover, unused PDMRA days are not bankable if unused. The Department of Defense explained this concept very clearly in its Financial Management Regulations: "Banked PDMRA days will be lost if the member is separated from the military prior to using the PDMRA days. Banked PDMRA days cannot be subsequently sold." DOD Financial Management Regulation 7000.14-R, 7.5.2.4.2, (implementing Pub. L. No. 112-120). Plaintiff claims nowhere in his many briefs that he actually used his PDMRA time before the military retired him. Accordingly, even if Plaintiff could have used the PDMRA days and thus had them counted as part of his total service time, once he was retired without using the PDMRA days, they were lost. Because PDMRA days operate under a "use them or lose them" regime, Plaintiff's unused-at-the-time-of-his-retirement PDMRA days cannot count toward constructive service days sufficient to give Plaintiff the service time necessary to qualify for CRDP.

The remainder of Plaintiff's motion for reconsideration consists not of legal arguments, but rather criticisms of this Court's characterization of the contours of his positions in its November 2023 opinion. Plaintiff claims, for example, that

> [t]here is no Claim by the [Plaintiff] for CRDP[,] this was manufacture[d] [and] looks to be on the Confusions of the Government/DOJ counsel[.] [T]he Subpoenas . . . and the Motion to strike . . . would have clarified this cross pollinating[.] [T]he court moved on an argument that does not exist in fact in the notes and March 1st hearing that [I] the [Plaintiff] clearly state not entitled to CRDP and never contended on an argument that does not exist to substantiate a manufacture legal basis.

ECF No. 111 at 7. This is an odd clarification because Plaintiff spends so much of his motion claiming that his PDMRA days give him over twenty years of service time, the threshold for obtaining CRDP. *See* 10 U.S.C. § 1414(b)(2). Plaintiff also represented that he sought CRDP at oral argument, Oral Argument at 33:00–46:00, and the title of his PDMRA argument in his "Status Update Notice of Objection and Informal Status Conference Request" is "Concurrent Receipt Claim." ECF No. 102 at 3. As motions for reconsideration do not permit plaintiffs to relitigate their cases when they were given a full and fair opportunity to do so, the Court will not permit reconsideration based on such allegations.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is **DENIED**. Nothing in Plaintiff's motion suggests a manifest injustice in the Court's November 2023 opinion. Plaintiff

has also not produced previously unavailable evidence that merits a reconsidered decision, nor demonstrated that new law preempts the Court's previous ruling.  Plaintiff had ample opportunity to clarify and advocate for his positions in briefing, at oral argument, and before the ABCMR.  If he feels that the Court's decision is legally or factually flawed, appeal, not reconsideration, is his remedy.

**IT IS SO ORDERED**.

s/ Zachary N. Somers           
ZACHARY N. SOMERS  
Judge
